## Morrow *vs.* Cloud.

1. Where a decedent left a will with another, who filed it and had it recorded by the ordinary, but took out no letters of administration with the will annexed, or other legal authority to administer, but nevertheless took possession of the estate, although there was an indebtedness by the deceased, he became an executor *de son tort.*

2. Although for an indebtedness by a firm, upon the death of one of the partners, it is proper to sue the surviving partner, yet in the present case there was no sufficient evidence to show the existence of a partnership; the plaintiff contracted with the deceased, who was to pay a stipulated amount, which was not done; his estate, which was sufficient to pay the debt, was in the hands of the executor *de son tort;* and a verdict and judgment against him were proper.

October 26, 1886.

Administrators and Executors.  Executor *de son tort.* Partnership.  Before Judge RICHARD H. CLARK.  Clayton Superior Court.  March Adjourned Term, 1886.

Lois Cloud brought suit against W. H. H. Morrow and Ella O. Morrow, as executors in their own wrong of the estate of C. A. Key, deceased, on an account for services by the plaintiff to the deceased as a teacher.  The defendants pleaded the general issue, and that they were not executors in their own wrong.  On the trial, the plaintiff showed that Key was the principal of the Middle Georgia College; that he had employed the plaintiff as a teacher at a stipulated price; that he had paid only a part of the amount due her; that he had left a policy of insurance on his life, which Morrow had collected, and a will which had been probated, but no letters thereunder had been issued to either of the defendants.

It appeared from the evidence for the defendants that Key, who was a brother of Mrs. Morrow, had his life insured in the Knights of Honor, and took a certificate or policy payable to himself or to his will; that sometime before his death, he handed it to his brother-in-law, Morrow, and being unable to pay the assessments himself, asked

Morrow to do so; that some time thereafter, he made a will, leaving his property, after paying his debts, to his sister, Mrs. Morrow, and mentioning this policy; that he placed the two papers in an envelope and handed them back to Morrow; that after his death, Morrow collected the amount due on the policy; that a silver watch he owned was delivered to his brother, in accordance with his wish expressed before death; and that there were several volumes of books left which remained in Morrow's hands. The defendant showed further that Key was president of the Middle Georgia College; that a Mrs. Fields was principal of the female department; and that Key was to pay all expenses and salaries of teachers, and of the balance remaining, he was to have two-thirds and Mrs. Fields the other third.

The jury found for the plaintiff against W. H. H. Morrow $105 principal. This defendant moved for a new trial on the following grounds:

(1), (2.) Because the verdict was contrary to law and evidence.

(3.) Because the court erred in the following charge to the jury: That the defendant set up as a defence that C. A. Key and Mrs. Fields were partners in the school; and if it was true, it would be a good defence; but to establish a partnership, the jury must believe from the evidence that Mrs. Fields was wholly or proportionally liable for the losses. An interest in the profits only as compensation for services does not make such person a partner; and if the jury believe from the evidence that C. A. Key was elected president of Middle Georgia College, and Mrs. Fields, principal of the female department, and C. A. Key, as such president, hired plaintiff to teach at a stipulated price, to-wit, thirty dollars per month, and Key was to pay out of the proceeds of the school whatever was necessary for assistance or other expenses of the school, and then, as to what was left, was to divide equally or in any other proportional way with Mrs. Fields the balance of

the proceeds of the school, then that would not make them partners, and they must so find ; but if, on the other hand, Mrs. Fields did not share a proportional interest for her services only, or was liable for the losses, that would make her a partner, and if a partner, they could not find for plaintiff.

(4.) Because the court erred in the following charge to the jury, the evidence not authorizing any such charge : That if Key, when he died, left any books or watch, and defendant kept them as his own, or gave them away to Key's brother or any one else, then defendants would be executors *de son tort*, or executor in their own wrong, and therefore would be liable to plaintiff in double the value of said books and watch, and it would be their duty to so find.; but if, on the other hand, they did not believe there was such watch or books, and that defendants made a disposition of them, then they would not be liable, or executor *de son tort*, and as to such losses they would find for defendant.

(5.) Because the court erred in charging the jury as follows : That if defendant, Morrow, collected accounts from the books of the school, but collected them for Mrs. Fields, and by her direction, then that would not make him liable as executor *de son tort*, because she would have an interest in the accounts contained in the books under the contract with Key, if the jury believed there was a contract, whether they believed the contract made her a partner or not.

(6.) Because the court erred in the following charge and instructions to the jury : That if C. A. Key was a member of the Knights of Honor in his lifetime, and held a benefit certificate in the nature of an insurance policy for $2,000.00, that would be in law a chose in action, and unless he transferred that to the defendant in writing before his death, then it would go into Key's estate after his death, and therefore would be liable to be administered upon ; and if the defendants took it and collected

the money on it after his death and paid it out, either in whole or in part, then they would be liable as executors in their own wrong, and it would be their duty to so find; but if, on the other hand, this action by defendant as charged is not believed by the jury from the evidence, then as to such he would not be liable as executor *de son tort*, and they should find for defendant. [The court added the following note:

"The court charged the jury upon all the issues of the case, so far as warranted by the evidence; and in his charge said to the jury that each defendant was bound only by his or her own act, and if they did not believe from the evidence that Mrs. Morrow did any act which made her an executor *de son tort*, then they should find in her favor in their verdict, provided they should find against Morrow under the charge I had given, as applied to the evidence; but if they found in favor of both, then they should find generally in favor of defendants."]

The motion was overruled, and defendant excepted.

W. L. WATTERSON, for plaintiff in error.

JOHN M. MUNDY; STEWART & STEWART, for defendant.

JACKSON, Chief Justice.

Suit was brought by Miss Cloud to recover from W. H. H. Morrow *et al.*, as executors *de son tort* of C. A. Key, deceased. She recovered, and Morrow, being dissatisfied with the court's refusal of a new trial, brought the case here.

1. It is a clear case of an executor *de son tort*. The deceased left a will with Morrow; he filed it and had it recorded by the ordinary, but took out no letters with the will annexed, nor any other legal authority to administer on the estate.

2. Nor is the evidence sufficient to show a partnership between Key, the deceased, and the female teacher with whom it is alleged that he was in partnership, and who survived him. The defence set up on this point is that the surviving partner is the proper party to be sued, which is undoubtedly the law, but the trouble is that there is no

evidence sufficient to prove the partnership, and none at all that Miss Cloud knew of such a partnership. She contracted with Key; he was to pay her so much per month in money; he has not done so; his estate in the hands of Morrow, who seized it unlawfully, is ample to pay the debt; the evidence and the law, the equity and justice of the case, are all with the verdict and the judgment of the court below, and it must be enforced.

Judgement affirmed.